# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*<br><br>v.<br><br>EDUARDO BARRAGAN-ZUNINGA,<br><br>*Defendant*. | Crim. Action No.: 3:17-cr-00452 (PGS)<br><br>**MEMORANDUM<br>AND ORDER<br>DENYING MODIFICATION OF<br>SENTENCE** |

THIS MATTER comes before the Court on Defendant Eduardo Barragan-Zuninga's (Barragan) motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF Nos. 53, 54.) Barragan contends that compassionate release is appropriate in his case given the spread of COVID-19 at FCI Safford; combined with Barragan's pre-existing medical conditions (achalasia, gastroesophageal reflux disease, and high blood pressure), which place him at increased risk of severe illness if re-infected. Both parties acknowledge that Barragan exhausted his administrative remedies.

I.

A court may grant a compassionate release motion if the criteria in 18 U.S.C. § 3582(c) are satisfied. When an inmate has exhausted his administrative remedies, a court may reduce an inmate's sentence if the modification is justified by "extraordinary and compelling reasons" and "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). According to the Sentencing Commission's policy statement, a defendant's medical condition, age, family circumstances, or "other reasons" may be grounds to

1

find that "extraordinary and compelling reasons" for compassionate release exist. U.S. Sent'g Guidelines Manual (USSG) § 1B1.13 cmt. n.1(A)-(D) (U.S. Sent'g Comm'n 2018).

Courts have considered what "other reasons" are sufficient to warrant release under the "extraordinary and compelling" provision. In light of the COVID-19 pandemic, courts have often, but not always, deferred to the CDC's list of underlying medical conditions that increase one's risk of severe illness from the virus. *See, e.g.*, *United States v. Henderson*, No. CR 15-0329 (ES), 2020 WL 5055081 at *4 (D.N.J. Aug. 26, 2020). However, the Third Circuit has held that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594 at *597 (3d Cir. 2020).

Even if extraordinary and compelling circumstances for compassionate release are present, a court may deny the requested relief if the 18 U.S.C. § 3553(a) factors do not weigh in favor of the defendant's release. *See, e.g.*, *United States v. Pawlowski*, 967 F.3d 327 at *330 (3d Cir. 2020).

II.

By way of background, Barragan pleaded guilty to conspiracy to distribute and possess with intent to distribute 1 kilogram or more of heroin and to distribute and possess with intent to distribute a quantity of cocaine contrary to 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841 (b)(1)(A), and 21 U.S.C. § 846. (PSR at ¶ 4.) The instant offense involved 4,987.71 grams of cocaine and 3,997.11 grams of heroin. The presentence report found these offenses yielded a guideline level of 31, and a criminal history category of II. (*Id.* at ¶ 43.) There were no firearms involved in the offense. On April 19, 2018, this Court sentenced Barragan to 120 months imprisonment and five

years of supervised release. (Judgement, ECF No. 52.) Barragan is presently serving his sentence at FCI Safford, in Safford, Arizona. His projected release date is November 7, 2026. (Gov't. Br. 2, ECF No. 55.) Barragan is 34 years of age.

Although there was a severe breakout of COVID-19 at Safford in the early part of this year, presently there are zero positive cases, and there is an ongoing vaccination program. *See COVID-19 Update*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited July 7, 2021).

More specifically, with regard to Barragan, he suffered with COVID-19 from December, 2020 through January 9, 2021. In addition, on May 4, 2021, Barragan refused the Moderna COVID-19 vaccine. (BOP Immunization record, Gov't Ex. A at 1).

III.

Barragan argues that his current medical conditions place him at a higher risk of becoming re-infected by COVID-19 and suffering with severe symptoms. The evidence is not conclusive. For instance, Barragan argues that he suffers with hypertension, and he points to several medical records showing blood pressure readings exceeding 130/80. However, there is no such hypertension diagnosis by any BOP physician (Def. Ex. D at 5), and it is not being treated on a regular basis (Def. Ex. C. at 45).

In addition, Barragan suffers with gastroesophageal reflux disease and he argues that his use of proton pump inhibitors (a medication to reduce stomach acid) further increases his COVID-19 risk. (Def. Br. 3). However, this ailment and the use of this drug does not appear on the CDC's list of medical conditions that increases one's risk of severe illness. *See United States v. Henderson*, 2020 WL 5055081 at *4 (D.N.J. Aug. 26, 2020). As such, Barragan has not proven that extraordinary medical issues exist.

Furthermore, Barragan refused the Moderna COVID-19 vaccine, like other courts, this refusal demonstrates that Barragan has voluntarily forgone an opportunity for self-care offered by the BOP. *See United States v. Baeza-Vargas*, No. CR-10-00448, 2021 WL 1250349, at *3 (D. Ariz. Apr. 5, 2021); *United States v. Fitzpatrick*, No. CR 19-357, 2021 WL 2201683 at *4 (D.N.J. May 28, 2021); *See, e.g. United States v. Muntasir*, No. CR 09-245, 2021 WL 2201651 at *5 (D.N.J. May 27, 2021). Although Barragan has a right to refuse the vaccine, it does not comport with common sense that his refusal of a highly efficacious vaccine should be excluded from the analysis of whether Barragan is entitled to a modification of his sentence. *See United States v. Ortiz*, No. 5:18-CR-00264, 2021 WL 1422816, at *4 (E.D. Pa. Apr. 15, 2021); *United States v. Robinson*, No. CR 16-94, 2021 WL 719658 at *1 (W.D. Pa. Feb. 23, 2021).

For the foregoing reasons, Barragan's request to modify his term of incarceration is denied.

### ORDER

THIS MATTER having come before the Court on Defendant Eduardo Barragan-Zuninga's Motions for Compassionate Release, (ECF Nos. 53, 54); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented; and for good cause shown; and for all of the foregoing reasons;

IT IS on this 8th day of July, 2021,

ORDERED that Defendant's motions for compassionate release, (ECF Nos. 53, 54), are DENIED.

s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.